# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE,  )
 )
 )
v.  ) Case No's.: 0505004020
 ) 1007011447
 )
WALTER L. MINTER,  )
 )
Defendant.  )

Submitted: April 15, 2014
Decided:  May 15, 2014

Kevin Hudson, Esquire
Deputy Attorney General
Delaware Department of Justice
820 N. French Street, 7th Floor
Wilmington, DE 19801
       *Attorney for the State*

Cathy A. Johnson, Esquire
Office of the Public Defender
900 North King Street
Wilmington, DE 19801
       *Attorney for Defendant*

## MEMORANDUM OPINION AND ORDER
## ON DEFENDANT'S MOTION TO DISMISS

Walter L. Minter (hereinafter "Defendant") brings this motion for dismissal of the charges pending against him on the grounds that his right to a speedy trial has been violated.  On April 15, 2014, a hearing was held on the motion, and the Court reserved decision.

## PROCEDURAL HISTORY

On April 24, 2005, Defendant was charged with Driving Without a Valid License in violation of 21 *Del. C.* § 2701, Failure to Have Minimum Insurance in violation of 21 *Del. C.* § 2118, Fictitious or Cancelled Registration Card, Number Plate or Tag in violation of 21 *Del. C.* § 2115, and Expired Tags in violation of 21 *Del. C.* § 2115. Hereinafter, the Court will refer to these charges collectively as the "2005 motor vehicle charges." Defendant signed the receipt of the Summons, which had a scheduled court date of May 14, 2005. On May 10, 2005, four days before his required appearance, Defendant presented to the Justice of the Peace Court and signed a Jurisdictional Form indicating that he wished to be tried by this Court. Despite Defendant's unequivocal demand for the case to be transferred to the Court of Common Pleas, on May 31, 2005, The Justice of the Peace Court issued a Capias for his Failure to Appear for a Traffic Summons. On March 19, 2008, the Justice of the Peace Court issued another Capias for Failure to Appear for Trial, which was scheduled for March 8, 2008. Apparently, due to a clerical error, the Justice of the Peace Court continued to retain jurisdiction over the matter until March 22, 2010, when after almost five years, the case was transferred to the Court of Common Pleas.

On March 22, 2010, Defendant signed an Order to Appear at his Arraignment in the Court of Common Pleas, which was scheduled for August 31, 2010. On May 26, 2010, this case was docketed in the Court of Common Pleas. The scheduled Arraignment on August 31, 2010, was continued to September 1, 2010, and then later to December 20, 2010. Defendant did not appear at the December 20, 2010 Arraignment, and a Capias was issued. Defendant has been incarcerated in Salem County Correctional Facility in New Jersey since November 10, 2012. On March 24, 2014, Defendant filed the instant motion to dismiss.

2

On July 13, 2010, Defendant was arrested for Assault in the Third Degree (hereinafter "2010 assault charge") in violation of 11 *Del. C.* § 611.  Arraignment for that matter took place on September 17, 2010, at which time Defendant entered a plea of not guilty.  A non-jury trial was scheduled for November 29, 2010, for which Defendant did not appear, and the Court issued a Capias.

## CONTENTIONS

Defendant argues that more than three years have elapsed between the date of the offense and Defendant's court hearing in this Court.  Defendant argues that "a defendant has no duty to bring himself to trial.  The right to a speedy trial is 'fundamental and the duty of the charging authority is to provide a prompt trial.'"[1]  Defendant contends that under the four factors set forth in *Barker v. Wingo*,[2] which are used to determine if the right to a speedy trial has been violated, it is clear that his right to a speedy trial has been violated.

## DISCUSSION

Pursuant to the Sixth Amendment to the Constitution of the United States, in a criminal trial, the accused has a right to a speedy trial.[3]  This right to a speedy trial is also included in Article I, Section 7 of the Delaware Constitution.[4]  Additionally, the federal right to a speedy trial applies to the States through the Due Process Clause of the Fourteenth Amendment.[5]  The Supreme Court in *Barker v. Wingo* set forth the factors courts are to consider when determining whether an individual's right to a speedy trial has been violated: "(1) the length of delay; (2) the

---

[1] Defendant's Motion to Dismiss, p. 2 (*quoting Dickey v. Florida*, 398 U.S.30, 38 (1970)).
[2] *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182 (1972).
[3] U.S. CONST. VI.
[4] Del. Const. art. I, § 7.
[5] *State v. Sells*, 2013 WL 1654317, AT *2 (Del. Com. Pl. Apr. 17, 2013).

3

reason for the delay; (3) the defendant's assertion of the right to a speedy trial; and (4) prejudice to the defendant."[6] Each factor is to be weighed along with the individual facts of the case.[7]

With respect to the third factor, the assertion of the right to a speedy trial, a Defendant who is incarcerated in a different state while awaiting trial in Delaware must request trial in accordance with the Uniform Agreement on Detainers (hereinafter "UAD").[8] Under the UAD, "prisoners incarcerated in a foreign state who have charges pending in Delaware have specific rights to a trial in Delaware within 180 days of the giving of proper written notice. …"[9]

The Court will analyze each factor separately and then weigh them together to determine whether Defendant's right to a speedy trial was violated with respect to the 2005 motor vehicle charges and the 2010 assault charge.

## A.  LENGTH OF DELAY

"The right to a speedy trial attaches as soon as the defendant is accused of a crime through arrest or indictment, whichever occurs first."[10] Defendant was arrested on April 24, 2005 for the traffic violations, and on July 13, 2010 for the 2010 assault charge. The case against Defendant for the 2005 motor vehicle violations, after proceeding through the Justice of the Peace Court in 2005 and 2008, was not filed in this Court until May 26, 2010. Thereafter, Defendant was scheduled to appear in traffic court on August 31, 2010. This appearance was continued to December 19, 2010, and Defendant failed to appear on that date.

---

[6] *Id.*
[7] *Id.*
[8] 11 *Del. C.* § 2542.
[9] *State v. Davis*, 1993 WL 138993 (Del. Super. Apr. 7, 1993)(*citing* 11 *Del. C.* § 2542). "Prisoner's rights under the UAD do not accrue until the Defendant specifically asks the prison official detaining him to send the required forms, registered mail, to the jurisdiction from which a detainer has been lodged." (*State v. McDowell*, 824 A.2d 948 at *952).
[10] *Middlebrook v. State*, 802 A.2d 268 (Del. 2002)

With regard to the 2005 motor vehicle violations, however, the extensive delay between Defendant's arrest date in 2005 to his scheduled traffic court appearance in 2010 causes considerable concern. The Court therefore finds that the first factor, length of delay with respect to the 2005 motor vehicle violations, weighs in favor of Defendant. In contrast, the Court finds that there existed no delay with respect to the 2010 assault charge, as Defendant was scheduled for trial within 180 days from the date of arrest, and therefore this factor weighs against Defendant.

## B. REASON FOR DELAY

The Court considers the reason for the delay when assigning weight to each party's argument.[11] "Thus, a 'deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the [State],' while a 'more neutral reason such as negligence or overcrowded courts should be weighted less heavily' against the State."[12]

With respect to the 2005 motor vehicle charges, the initial delay from 2005 to 2010 was the result of the Justice of the Peace Court failing to transfer the matter to this Court. As the cause of the initial delay was a result of an error in the Justice of the Peace Court, the reason will weigh against the State. Defendant's failure to appear for the most recent four years weighs against him. However, the primary factor for the delay of almost five years remains the clerical error. Accordingly, this factor must weigh against the State.

Similarly, in the 2010 assault charge matter, Defendant failed to appear in this Court from 2010 through 2014. Although Defendant has been incarcerated in New Jersey since 2012, the State was not informed of the incarceration, and Defendant did not attempt to bring the matter to

---

[11] *Middlebrook*, 802 A.2d at 274.
[12] *Id.* at 274 (*quoting Barker*, 407 U.S. at 531).

trial under the UAD. The Defendant's actions are the cause of the delay in the 2010 assault charge matter, and therefore this factor weighs against Defendant.

### C. DEFENDANT'S ASSERTION OF HIS RIGHT TO A SPEEDY TRIAL

This factor is afforded considerable significance in the speedy trial analysis.[13] "A defendant's failure to assert the right to a speedy trial 'will make it difficult for a defendant to prove that he was denied a speedy trial.'"[14]

Defendant has not asserted his right to a speedy trial at all in either of these matters until the filing of this motion. The UAD specifically states that "[t]he written notice and request for final disposition … shall be given or sent by the prisoner to the Commissioner of Correction … who shall promptly forward it together with the Certificate to the appropriate prosecuting official and court by registered or certified mail, return receipt requested."[15] "The right to dismissal vests only where the 'prosecutor is actually aware of the request and fails to act.'"[16]

Here, Defendant has offered no evidence of an effort to adhere to the requirements outlined in the UAD. Defendant failed to request a speedy trial, and he provided no notice to the prosecutor. However, the Defendant requested the transfer of the 2005 motor vehicle charges when he appeared at the Justice of the Peace Court on May 10, 2005, and therefore he could not participate in the matter until he was provided an arraignment date. The Defendant should not be forced to remind the State to prosecute him. Thus, even though Defendant failed to assert his right to a speedy trial with regard to the 2005 motor vehicle charges, this factor weighs against the State for failing to prosecute the matter for an extraordinary amount of time.

---

[13] *Sells*, 2013 WL 1654317, at *3.
[14] *Id.* (*quoting Middlebrook*, 802 A.2d at 275).
[15] 11 *Del. C.* § 2542(b).
[16] *State v. Farrow*, 2005 WL 1653992 (Del. Super. June 3, 2005)(*quoting* Synopsis to H.B. No. 108 of the 131st General Assembly, 63 Del. Laws Ch. 32).

With respect to the 2010 assault charge, Defendant neither exercised his right nor actively participated in the handling of the case. Even in his motion to dismiss, Defendant offers no argument that he exercised his right to a speedy trial. Thus, Defendant has ultimately failed to show that he has made any effort, with the exception of this motion, to assert his right to a speedy trial. The Court therefore finds that this factor weighs heavily against Defendant in the 2010 assault charge.

### D. PREJUDICE TO DEFENDANT AS A RESULT OF THE DELAY

"Trial courts should consider the prejudice factor 'in light of three of defendants' interests that the speedy trial right was designed to protect: (1) preventing oppressive pretrial incarceration; (2) minimizing the anxiety and concern of the accused; and (3) limiting the possibility that the defense will be impaired.'"[17] Defendant only raises the third interest in his motion; the Court shall address all three.

First, preventing excessive pretrial incarceration. In this matter, Defendant was not incarcerated in Delaware for the 2005 motor vehicle violations or for the 2010 assault charge.

Second, the anxiety of the accused pending a trial. "[E]ven if an accused is not incarcerated prior to trial, he is still disadvantaged … by living under a cloud of anxiety."[18] Defendant does not allege that he suffered from anxiety as a result of the delay of his trial, but the Court finds that he was "presumptively prejudiced" in this matter.[19]

Finally, the Court must determine if Defendant's defense has been impaired as a result of the delay. Defendant alleges that the memories of individuals associated with the matter, along with the memory of Defendant himself, are likely to have faded since the date of Defendant's

---

[17] *Sells*, 2013 WL 1654317 at *4 (*quoting Middlebrook*, 802 A.2d at 276).
[18] *Barker*, 407 U.S. at 533.
[19] *Middlebrook*, 802 A.2d at *277.

arrest. Defendant also alleges that certain documents needed for trial, including his proof of insurance, may not be obtainable due to the delay. The Court finds, with regard to the 2005 motor vehicle charges, that prejudice has occurred against Defendant with respect to his ability to obtain documents necessary for trial, but that Defendant could have obtained such documents prior to his scheduled appearances in front of the Court, and therefore the prejudice in that regard is self-induced. The Court does find, however, that due to the time lapse of nine years between Defendant's arrest and this motion, in particular the first five years which are in no way attributable to the Defendant, it is likely that memories of involved parties have faded, officers involved in the matters may not be members of the force or easily subpoenaed to testify, and thus Defendant may be prejudiced in his ability to put forth a proper defense. This factor weighs in favor of Defendant with regard to the 2005 motor vehicle charges.

With respect to the 2010 assault charge, it is likely that the memories of witnesses and officers have faded in the four years since Defendant's scheduled trial date, which can inhibit Defendant's ability to properly defend the charge. This factor, therefore, weighs in Defendant's favor.

### E. BALANCING THE FACTORS

The balancing of the four factors weighs in favor of Defendant's contention that his right to a speedy trial has been violated with regard to the 2005 motor vehicle charges, as every factor weighed in Defendant's favor. With regard to the 2010 assault charge, only the prejudice to the defense factor weighed in Defendant's favor. Defendant failed to appear at his scheduled trial, and failed to notify the State that he wished to assert his right to a speedy trial, which is a necessary requirement for establishing a speedy trial violation. Defendant did not include any evidence supporting the notion that he has filed the proper documentation to demand a speedy

8

trial, and, in fact, Defendant does not even address this factor in his motion. Therefore, the balancing of the four factors weighs against Defendant with regard to the 2010 assault charge.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** this 15th day of May, 2014, that Defendant's motion to dismiss for lack of a speedy trial on the 2005 motor vehicle charges is **GRANTED**. Defendant's motion to dismiss for lack of a speedy trial on the 2010 assault charge is **DENIED**.

The Honorable Carl C. Danberg,
Judge

cc:     Juanette West, Judicial Case Management Supervisor